IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BL PATENTS, LLC, | ) |
| Plaintiff, | ) Civil Action No. 6:25-cv-44 |
| v. | ) |
| AD-N-ART INC. | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BL Patents, LLC ("BL") files this Complaint for Patent Infringement against Defendant Ad-N-Art Inc. ("Ad-N-Art" or "Defendant") and states as follows:

## THE PARTIES

**1.** Plaintiff BL Patents, LLC is a limited liability company organized and existing under the laws of the State of Oregon, having its principal place of business in Lake Oswego, Oregon.

**2.** On information and belief, Defendant Ad-N-Art, is a corporation organized and existing under the laws of Canada, does business in Canada and the United States, and with a principal place of business at 5760 Andover, Saint-Laurent QC, H4T 1H4, Canada.

## JURISDICTION AND VENUE

**3.** This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**4.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

5. This Court has personal jurisdiction over Defendant because, inter alia, Defendant is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District. Among other things, (i) Defendant has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import infringing products to customers and/or potential customers, including in this District, at least through Defendant's principal websites, www.adnart.com and www.asobubottle.com (including https://asobubottle.com/collections/coffee-makers-coffee-machine and https://asobubottle.com/products/cold-brew), and via Walmart at www.walmart.com (for example https://www.walmart.com/ip/Asobu-Coldbrew-Portable-Cold-Brew-Coffee-Maker-With-a-Vacuum-Insulated-1-Liter-Stainless-Steel-18-8-Travel-Carafe-Bpa-Free-Copper/427265443?classType=VARIANT&from=/search), Sams (for example (https://www.samsclub.com/p/asobu-cold-brew-coffee-maker/P03022130?xid=plp_product_3), Costco (for example https://www.costco.com/asobu-cold-brew-coffee-maker.product.4000268921.html and Amazon via www.amazon.com (for example https://www.amazon.com/Asobu-Coldbrew-Insulated-Stainless-kb900/dp/B075X48Z98/ref=sr_1_1?crid=1FYII238LDREF&dib=eyJ2IjoiMSJ9.n-6oTTE1gy7AO5hdIgIuyBJiQE1h3TQAIw0I7G-0The3zo3QfGNEgtUshzztvQYbJ9C1UHVB8ajhEli9xEMRvHI3DqH92LZk6ZAciv7WWY7o2wPISQBt2hbxjCWHxWknAUicwLpz4OVlwtY6Jt4dYro8YSybnIv61ZJh2DApDx9GzfzvufjVmzeNoHCHQ2eUQmNHfWMzatlkt-V9tDTeRyanO0OPG6Rb_Qdb3QXTSo7WoZ5Ehb4I4U1PNkJCDuGUyAmmaCIl8N8Cpe9gwqG5yIqieT64rPvJYRGGriSqsh8mi-

2uTugHSW8hwzWay4j6FBJla4KHtwjGeT1btXKChZtU8nW5uGKkbIVhVDt-i3Hd6Pe3E_XIF0ajDcJy_ukiB5gkEXEgSh6qoh9u7RbCzj6G_fgzpwFjMVU0O2GixYizJtE5Qb SOKL69Khr4lpO_.kiV_5ZiUDJkF7wFvz2-EMSm_79CJI37D7MEXj3lLYqo&dib_tag=se&keywords=asobu%2BColdbrew%2BPortable%2BCold%2BBrew%2BCoffee%2BMaker&qid=1738045003&sprefix=asobu%2Bcoldbrew%2Bportable%2Bcold%2Bbrew%2Bcoffee%2Bmaker%2Caps%2C178&sr=8-1&th=1); (ii) Defendant's acts giving rise to this lawsuit have occurred, at least in part, in the State of Texas, including in this District; (iii) on information and belief, Defendant acted with knowledge that products accused of infringement in this Complaint were located in the State of Texas, including this District, and would be sold to customers in the State of Texas and transported within the State of Texas, including this District; and, (iv) Defendant's customers and/or potential customers reside in the State of Texas, including in this District.

6. Alternatively, this Court may exercise personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2).

7. Venue is proper in this judicial district under 28 U.S.C. § 1391, including Section 1391 (b) and (c).

## BACKGROUND

8. The patents asserted in this case are directed to cold brew beverage brewing systems which may be used to cold brew coffee.

9. Defendant does business under the name Asobu.

10. Defendant manufactures, sells, offers to sell, uses and/or imports in the United States Defendant's cold brew portable brewers, such as the KB-900 (the "Accused Products"). Defendant sells the accused product in differing colors, all of which, on information and belief,

have the same or similar components.  BL will rely on a reasonable opportunity for discovery of information regarding reasonably similar systems that Defendant makes, uses, sells, offers for sale and/or imports in the U.S. subsequent to the filing of the Complaint.

11. On March 19, 2019, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,231,566 ("the '566 patent"), entitled "Cold Brew Beverage Brewing Systems." BL is the owner by assignment of all rights, title, and interest in the '566 patent.  A true and correct copy of the '566 patent is attached hereto as Exhibit A.

12. On June 19, 2018, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,999,314 ("the '314 patent"), entitled "Cold Brew Beverage Brewing Systems." BL is the owner by assignment of all rights, title, and interest in the '314 patent.  A true and correct copy of the '314 patent is attached hereto as Exhibit B.

13. On May 30, 2023, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 11,659,952 ("the '952 patent"), entitled "Cold Brew Beverage Brewing Systems." BL is the owner by assignment of all rights, title, and interest in the '952 patent.  A true and correct copy of the '952 patent is attached hereto as Exhibit C.

14. The '566, '314 and '952 patents are referred to collectively herein as the "Asserted Patents."

15. The Asserted Patents provide numerous improvements, advantages and benefits over the prior art, some of which are disclosed in the patents' specifications and file histories that are of public record with the United States Patent and Trademark Office ("USPTO").

16. BL provided Defendant with actual notice of one or more of the Asserted Patents, including the '314 and 566 patents and of a related pending application with claims that had been allowed by the USPTO at least as early as April 8, 2022.

17. Despite having received actual notice of BL's intellectual property rights set forth in the paragraph above, Defendant continued, and to this day continues, to commit acts that are asserted in this Complaint to infringe the Asserted Patents.

18. The actions of Defendant complained of herein have resulted in Defendant's and its customers' infringement of BL's Asserted Patents and substantial damage to BL.

**FIRST CLAIM FOR RELIEF**
(INFRINGEMENT OF U.S. PATENT NO. 10,231,566)

19. Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–18 of this Complaint as if set forth fully herein.

20. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

21. BL is the owner by assignment of the '566 patent with sole rights to enforce the '566 patent and sue infringers, including the right to sue for and recover all past, present and future damages for infringement of the patent.

22. The '566 patent is presumed valid.

23. The '566 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 1-11 of the '566 patent, by making, using, selling, offering to sell and/or importing its Accused Products covered by the claims of the '566 patent. Exhibit D includes a chart comparing Defendant's Accused Products to an exemplary claim, claim 1 of the '566 patent. BL incorporates the factual assertions related to each limitation

of claim 1 in Exhibit D as set forth herein, and pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants are to admit or deny each allegation set forth in Exhibit D.

25. On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly (inducing infringement), at least claims 1-11 of the '566 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, sell and/or offer to sell in this judicial district and/or elsewhere in the United States, the Accused Products covered by the '566 patent.

26. On information and belief, Defendant's customers use Defendant's Accused Products and are instructed and/or encouraged by Defendant to use such Accused Products that infringe at least claims 1-11 of the '566 patent.

27. On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, and the Accused Products, that encourage and/or instruct its customers to use, and use in the future, the Accused Products in an infringing manner, specifically intending such customers will operate the Accused Products in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '566 patent.

28. On information and belief, Defendant indirectly infringes one or more claims of the '566 patent in violation of 35 U.S.C. 271(b) by inducing its customers to use the Accused Products to directly infringe one or more claims of the '566 patent in accordance with Defendant's encouragement and/or instructions.

29. For example, on information and belief, Defendant induces direct infringement of the '566 patent by encouraging and instructing customers to use the Accused Product, by providing advertisements and/or instructions that encourage and/or instruct customers to use the Accused Products such that, by following Defendant's encouragement and/or instructions, Defendant's

customers directly infringe one or more claims of the '566 patent. Defendant engages in such inducement knowingly and, at least as early as April 8, 2022, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Products to directly infringe the '566 patent.

30. Defendant has infringed the '566 patent without permission or license from BL and continues to infringe the '566 patent in violation of 35 U.S.C. § 271. Defendant is liable for infringement of the '566 patent pursuant to 35 U.S.C. § 271.

31. Defendant's acts of infringement have caused damage to BL, and BL is entitled to recover from Defendant the damages sustained by BL as a result of Defendant's wrongful acts in an amount subject to proof at trial.

32. Defendant's infringement of the '566 patent is willful, and BL is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

33. This is an exceptional case such that Defendant should be required to pay BL's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
(INFRINGEMENT OF U.S. PATENT NO. 9,999,314)

34. Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–33 of this Complaint as if set forth fully herein.

35. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

36. BL is the owner by assignment of the '314 patent with sole rights to enforce the '314 patent and sue infringers, including the right to sue for and recover all past, present and future damages for infringement of the patent.

37. The '314 patent is presumed valid.

38. The '314 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

39. Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claim 21 of the '314 patent, by making, using, selling, offering to sell and/or importing its Accused Products covered by the claims of the '314 patent. Exhibit E includes a chart comparing Defendant's Accused Products to an exemplary claim, claim 21 of the '314 patent. BL incorporates the factual assertions related to each limitation of claim 21 in Exhibit E as set forth herein, and pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants are to admit or deny each allegation set forth in Exhibit E.

40. On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly (inducing infringement), at least claim 21 of the '314 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, sell and/or offer to sell in this judicial district and/or elsewhere in the United States, the Accused Products covered by the '314 patent.

41. On information and belief, Defendant's customers use Defendant's Accused Products and are instructed and/or encouraged by Defendant to use such Accused Products that infringe at least claim 21 of the '314 patent.

42. On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, and the Accused Products, that encourage and/or instruct its customers to use, and use in the future, the Accused Products in an infringing manner, specifically intending such customers will operate the Accused Products in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '314 patent.

43. On information and belief, Defendant indirectly infringes the asserted claim of the '314 patent in violation of 35 U.S.C. 271(b) by inducing its customers to use the Accused Products to directly infringe the asserted claim of the '314 patent in accordance with Defendant's encouragement and/or instructions.

44. For example, on information and belief, Defendant induces direct infringement of the '314 patent by encouraging and instructing customers to use the Accused Product, by providing advertisements and/or instructions that encourage and/or instruct customers to use the Accused Products such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe the asserted claim of the '314 patent. Defendant engages in such inducement knowingly and, at least as early as April 8, 2022, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Products to directly infringe the '314 patent.

45. Defendant has infringed the '314 patent without permission or license from BL and continues to infringe the '314 patent in violation of 35 U.S.C. § 271. Defendant is liable for infringement of the '314 patent pursuant to 35 U.S.C. § 271.

46. Defendant's acts of infringement have caused damage to BL, and BL is entitled to recover from Defendant the damages sustained by BL as a result of Defendant's wrongful acts in an amount subject to proof at trial.

47. Defendant's infringement of the '314 patent is willful, and BL is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

48. This is an exceptional case such that Defendant should be required to pay BL's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

### THIRD CLAIM FOR RELIEF
(INFRINGEMENT OF U.S. PATENT NO. 11,659,952)

49. Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1– 48 of this Complaint as if set forth fully herein.

50. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

51. BL is the owner by assignment of the '952 patent with sole rights to enforce the '952 patent and sue infringers, including the right to sue for and recover all past, present and future damages for infringement of the patent.

52. The '952 patent is presumed valid.

53. The '952 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

54. Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 1-4, 7-8, 10, 13-14 and/or 16-18 of the '952 patent, by making, using, selling, offering to sell and/or importing its Accused Products covered by the claims of the '952 patent. Exhibit F includes a chart comparing Defendant's Accused Products to an exemplary claim, claim 1 of the '952 patent. BL incorporates the factual assertions related to each limitation of claim 1 in Exhibit F as set forth herein, and pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants are to admit or deny each allegation set forth in Exhibit F.

55. On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly (inducing infringement), at least claims 1-4, 7-8, 10, 13-14 and/or 16-18 of the '952 patent by making, using, selling, offering to sell and/or importing, and/or

causing others to use, sell and/or offer to sell in this judicial district and/or elsewhere in the United States, the Accused Products covered by the '952 patent.

56. On information and belief, Defendant's customers use Defendant's Accused Products and are instructed and/or encouraged by Defendant to use such Accused Products that infringe at least claims 1-4, 7-8, 10, 13-14 and/or 16-18 of the '952 patent.

57. On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, and the Accused Products, that encourage and/or instruct its customers to use, and use in the future, the Accused Products in an infringing manner, specifically intending such customers will operate the Accused Products in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '952 patent.

58. On information and belief, Defendant indirectly infringes one or more claims of the '952 patent in violation of 35 U.S.C. 271(b) by inducing its customers to use the Accused Products to directly infringe one or more claims of the '952 patent in accordance with Defendant's encouragement and/or instructions.

59. For example, on information and belief, Defendant induces direct infringement of the '952 patent by encouraging and instructing customers to use the Accused Product, by providing advertisements and/or instructions that encourage and/or instruct customers to use the Accused Products such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe one or more claims of the '952 patent. Defendant engages in such inducement knowingly and, at least as early as the filing of the Complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Products to directly infringe the '952 patent.

60. Defendant has infringed the '952 patent without permission or license from BL and continues to infringe the '952 patent in violation of 35 U.S.C. § 271. Defendant is liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271.

61. Defendant's acts of infringement have caused damage to BL, and BL is entitled to recover from Defendant the damages sustained by BL as a result of Defendant's wrongful acts in an amount subject to proof at trial.

62. Defendant's infringement of the '952 patent is willful, and BL is accordingly entitled to enhanced damages pursuant to 35 U.S.C. § 284.

63. This is an exceptional case such that Defendant should be required to pay BL's reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, BL prays for judgment in its favor and against Defendant, including but not limited to, the following relief:

1. An Order adjudging Defendant to have infringed the Asserted Patents under 35 U.S.C. § 271;

2. An Order requiring Defendant to account for all gains, profits, and advantages derived by Defendant's infringement of each of the Asserted Patents in violation of 35 U.S.C. § 271, and requiring Defendant to pay to BL all damages suffered by BL, including at least a reasonable royalty;

3. An Order enhancing damages pursuant to 35 U.S.C. § 284;

4. An Order adjudging that this is an exceptional case;

5.      An award to BL of the attorneys' fees and costs incurred by BL in connection with this action pursuant to 35 U.S.C. § 285;

6.      An award of pre-judgment and post-judgment interest against Defendant; and

7.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff BL demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

Dated: February 11, 2025    By:  */s/ John T. Polasek*
John T. Polasek
Texas Bar. No. 16088590
ted@polaseklaw.com
The Polasek Law Firm, PLLC
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 485-3580

*Attorney for Plaintiff BL Patents, LLC*